UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARA SURI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) CIVIL ACTION FILE |
| | ) NO. _____ |
| DELTA AIR LINES INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff Sara Suri, by counsel, asserts the following in support of her claims against the Delta Air Lines, Inc.:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Sara Suri, is a citizen of the State of New York, having her primary residence at 227 E. 12th Street, Apartment D, New York, New York.

2. Defendant, Delta Air Lines, Inc., is incorporated under the laws of Delaware and is a citizen of Georgia, having its principal place of business at 1030 Delta Blvd., Dept 982, Atlanta, Georgia 30354.

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under the laws, regulation, and treaties of the United States, including but not limited to the Convention for the Unification of Certain Rules for

1

International Carriage by Air, May 28, 1999 ("Montreal Convention"), *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2016).

4. Venue is proper in this Court pursuant to Article 33, Paragraph 1 of the Montreal Convention because Delta Air Lines, Inc.'s principal place of business is located in Atlanta, Georgia.

## SUMMARY OF FACTS

5. On September 3, 2022, Plaintiff, Sara Suri, flew as a ticketed passenger and business invitee onboard Delta Air Lines Flight DL625 from John F. Kennedy International Airport ("JFK") to Mexico City International Airport ("MEX").

6. Delta Air Lines flight DL625 departed from JFK at 8:36 a.m., Eastern Standard Time, on September 3, 2022.

7. While onboard the flight, Sara Suri requested a blanket because she was cold.

8. A flight attendant informed Sara Suri that there were no blankets on the plane. Instead, the flight attendant offered Sara Suri a cup of coffee to warm her up.

9. The flight attendant brought Ms. Suri a cup of coffee. The cup did not have a lid on it. The coffee spilled on Ms. Suri's leg when the plane encountered turbulence.

10. The flight attendant's response to Ms. Suri's emergency was delayed, causing further injury as the hot coffee which had soaked into Ms. Suri's clothing continued to burn.

11. As a result of the lidless hot coffee and delayed response, Ms. Suri suffered severe burns on her thighs.

## **LIABILITY OF DELTA AIR LINES**

12. The Plaintiff realleges, reasserts, and incorporates paragraphs one (1) through eleven (11) herein by reference.

13. Delta Air Lines, Inc., and its agents, servants, and employees owed the highest duty of care to its passengers, including Sara Suri.

14. As part of its duty to passengers, Delta Air Lines, Inc., was responsible for providing a safe environment in the cabin of the aircraft during flight, specifically Flight DL625.

15. Under Article 17 of the Montreal Convention, Delta Air Line, Inc. is liable for Plaintiff's injury as the accident causing the injury took place on board the aircraft.

16. The lack of a lid on the coffee and the turbulence were both causal links to the Plaintiff's injury and were both external conditions which the Plaintiff had no ability to control.

17. Furthermore, Defendant Delta Air Lines, Inc., was negligent or careless in one or more of the following respects:

    a. Failed to maintain safe conditions for its passengers, including Sara Suri, aboard the aircraft;

    b. Provided very hot coffee to Ms. Suri with no lid; and

    c. Failed to assist Ms. Suri in a timely manner to prevent further damage from the burning hot coffee after it had spilled.

18. As a direct and proximate result of Defendant's negligent acts or omissions, Sara Suri suffered severe and permanent disfiguring injuries, endured considerable pain and suffering, incurred medical bills, lost wages, and will likely continue to suffer such damages in the future.

WHEREFORE, the Plaintiff, Sara Suri, prays for judgment against Defendant Delta Air Lines, Inc., in an amount that will fully and fairly compensate Plaintiff for her damages, costs of this action, interest as allowed by law, and for all other relief just and proper in the premises.

[*signature lines on following page*]

Respectfully submitted,

HORST SHEWMAKER, LLC

_____
MICHAEL W. HORST
Georgia Bar No. 367837
*Counsel for Plaintiff*

10745 Westside Way, Suite 165
Alpharetta, Georgia 30009
T: (404) 400-1175
F: (404) 400-1176
E: michael@horstshewmaker.com

WILSON KEHOE & WININGHAM, LLC

CHRISTOPHER G. STEVENSON
Indiana Bar No. 24689-49
*To apply for admission pro hac vice*

2859 North Meridian Street
Indianapolis, Indiana 46206-1317
T: (317) 920-6400
F: (317) 920-6405
E: cstevenson@wkw.com

5